UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TORRES,<br><br>           Plaintiff,<br><br>      v.<br><br>JAYSON QUICK, et al.,<br><br>           Defendants. | Case No. 1:22-cv-01536-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 3) |

Edward Torres ("Plaintiff") is a prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983, which includes state law claims.

On November 30, 2022, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 3). Plaintiff asks for appointment of counsel because he cannot afford counsel; because his imprisonment will greatly limit his ability to litigate; because he has limited formal education and no knowledge of the law; because the issues involved in this case are complex and will require obtaining documents and video footage from Defendants, as well as significant research and investigation; because his institution of confinement has an inadequate legal research program; because a trial in this case will likely involve sharply conflicting testimony and counsel would better enable him to present evidence and cross-examine witnesses; and because his claims have legal merit.

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>withdrawn in part on other grounds</u>, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  <u>Id.</u> (citation and internal quotation marks omitted).

The Court will not order appointment of counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims.  Moreover, while Plaintiff alleges that he has received assistance, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **December 1, 2022**               /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE