UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TORRES,<br><br>          Plaintiff,<br><br>     v.<br><br>JAYSON QUICK, et al.,<br><br>          Defendants. | Case No. 1:22-cv-01536-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT CERTAIN CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF Nos. 1 & 13)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Edward Torres ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983, which includes state law claims.[1]

Plaintiff filed the complaint commencing this action on November 30, 2022. (ECF No. 1). The Court screened Plaintiff's complaint. (ECF No. 13). The Court found that only the following claims should proceed past the screening stage: Plaintiff's Eighth Amendment excessive force claims against defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; his Eighth Amendment failure to protect claims against defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; and his Eighth Amendment claim against defendant Ontiveros for deliberate indifference to his serious medical needs. (Id.).

---

[1] While Plaintiff is a state prisoner, the incidents alleged in the complaint occurred at Madera County Jail.

1

The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint; b. Notify the Court in writing that he does not want to file an amended complaint and instead wants to proceed only on his Eighth Amendment excessive force claims against defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; his Eighth Amendment failure to protect claims against defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; and his Eighth Amendment claim against defendant Ontiveros for deliberate indifference to his serious medical needs; or c. Notify the Court in writing that he wants to stand on his complaint." (Id. at 18).  On April 18, 2023, Plaintiff filed a notice that he wants to proceed only on the claims that the Court found should proceed past screening.  (ECF No. 14).

Accordingly, for the reasons set forth in the Court's screening order that was entered on March 27, 2023 (ECF No. 13), and because Plaintiff has notified the Court that he wants to proceed only on the claims that the Court found should proceed past screening (ECF No. 14), it is HEREBY RECOMMENDED that all claims and defendants be dismissed, except for Plaintiff's Eighth Amendment excessive force claims against defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; his Eighth Amendment failure to protect claims against defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; and his Eighth Amendment claim against defendant Ontiveros for deliberate indifference to his serious medical needs.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\
\\\
\\\

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: __**April 19, 2023**__   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE