UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TORRES, <br><br> Plaintiff, <br><br> v. <br><br> JAYSON QUICK, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-01536-ADA-EPG (PC) <br><br> ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION DEFENDANTS' MOTION TO DISMISS WITHIN TWENTY-ONE DAYS |

Edward Torres ("Plaintiff") is incarcerated at Ironwood State Prison and is proceeding *pro se* and *in forma pauperis* in this civil rights action.

On July 12, 2023, Defendants Quick and Martinez filed a motion to dismiss. (ECF No. 23).[1] On July 21, 2023, Defendant Garza joined the pending motion to dismiss. (ECF No. 26). On August 17, 2023, Defendant Garcia also joined the pending motion to dismiss. (ECF No. 31). Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days (Local Rule 230(l)), but did not do so. Local Rule 230(l) provides that the failure "to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v.*

---

[1] On July 17, 2023, Defendants filed a proof of service indicating that the notice of motion and motion to dismiss was served to Plaintiff at the following address: Edward Torres, BU-7545, Ironwood State Prison (ISP-2), P.O. Box 2199, Blythe, CA, 92226-219. (ECF No. 25). This is the address provided by Plaintiff in the notice of change of address filed on April 18, 2023. (ECF No. 15).

1

*Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Thus, a Court may dismiss an action for a plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition. *See Ghazali*, 46 F.3d 52 (dismissal upheld even where plaintiff contended he did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to Fed. R. Civ. P. 5(b), and time to file opposition); *cf. Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013) (holding that a motion for summary judgment cannot be granted based on a failure to file opposition, regardless of any local rule to the contrary).

Despite Plaintiff's failure to follow Local Rule 230(l), the Court will give Plaintiff an additional twenty-one days to file an opposition or statement of non-opposition to Defendants' motion to dismiss. If Plaintiff fails to file his opposition within this period, the Court may deem the failure to oppose the motion to dismiss as a waiver of any opposition to that motion, and may recommend that the motion be granted on that basis. Alternatively, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a court order.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one days from the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to Defendants' motion to dismiss; and
2. If Plaintiff fails to comply with this order, the Court may deem the failure to oppose the motion to dismiss as a waiver of any opposition to that motion, and may recommend that the motion be granted on that basis. Alternatively, the Court may recommend that this action be dismissed because of Plaintiff's failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: **August 21, 2023**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE