1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

EDWARD TORRES,

12                                     Plaintiff,

13                    v.

14

JAYSON QUICK, *et al.*,

15                                    Defendants.

16

| | |
|---|---|
| Case No. 1:22-cv-01536-NODJ-EPG (PC) | |
| ORDER FOR SUPPLEMENTAL BRIEFING | |
| (ECF Nos. 23, 35) | |

17          Edward Torres is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil

18   rights action under 42 U.S.C. § 1983. Plaintiff filed his complaint in November 2022, alleging

19   that in April of 2019, he was assaulted by correctional officers and was denied medical care for

20   the injuries he suffered during this event. Defendants moved to dismiss this case based on the

21   two-year statute of limitations.

22          Because the parties' briefing on the motion to dismiss does not address certain issues that

23   may be relevant to resolving their motions, the Court orders parties to submit supplemental

24   briefing as follows.

     **I.       BACKGROUND**

25          Plaintiff filed his Complaint on November 30, 2022. (ECF No. 1). He alleged that in late

26   March or April of 2019, while incarcerated at Madera County Jail as a prisoner, he was assaulted

27   by correctional officers Quick, Garza, Garcia, Valadez, Prince, and Martinez, and that nurse

28

1

Ontiveros denied him medical care for his injuries. (*Id.*) After screening, this case proceeds on Plaintiff's Eighth Amendment excessive force and failure to protect claims against the correctional officers and the Eighth Amendment claim against Ontiveros for deliberate indifference to his serious medical needs. (ECF Nos. 13, 14, 18, 22).

With respect to exhaustion of administrative remedies, Plaintiff stated that "he was consistently denied all requests for inmate grievance forms, but he has now exhausted his administrative remedies with respect to all his claims and all Defendants." (ECF No. 1 at 10). Plaintiff did not supply any further information regarding the time period during which his grievances were pending or the duration of the process.

All Defendants have been served. Defendants Prince and Valadez have not appeared in this action. In lieu of filing an Answer, Defendants Quick and Martinez filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) based on statute of limitations (ECF No. 23), in which Defendants Garza, Garcia, and Ontiveros have also joined. (ECF Nos. 26, 31, 36). Defendant Ontiveros filed her own motion to dismiss, also raising the statute of limitations defense. (ECF No. 35). Defendants argue that, since Plaintiff filed his lawsuit over three and a half years after the incident giving rise to his lawsuit took place, California's two-year statute of limitations bars Plaintiff's claims. (ECF No. 23-1 at 1; ECF No. 35 at 4). They also argue that equitable tolling under California's Emergency Rule 9 related to COVID-19 pandemic does not save his claims, since it only extended the time for Plaintiff to file his action by 178 days. (ECF No. 23-1 at 2–3; ECF No. 35 at 4–6). Even with that extension, Defendants argue, Plaintiff's complaint is still untimely by over a year.

After being ordered to respond (ECF No. 34), Plaintiff filed opposition, stating he opposes all motions to dismiss but offering no legal argument. (ECF No. 38). Defendants Garcia, Garza, Martinez, and Quick filed a Reply (ECF No. 39) and so did Defendant Ontiveros (ECF No. 40).

## II.   LEGAL STANDARDS

"A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) (*quoting Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.

1980)). The Ninth Circuit has reversed dismissals where the applicability of the equitable tolling doctrine depended upon factual questions not clearly resolved in the pleadings. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1199 (9th Cir. 1988); *Donoghue v. Orange County*, 848 F.2d 926, 931 (9th Cir. 1987).

California's two-year statute of limitations for personal injury actions applies to § 1983 claims. *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1.

In addition, California Code of Civil Procedure § 352.1(a) provides an extra two years for those imprisoned "for a term less than for life" when the cause of action accrues.

This limitations period can also be tolled for various reasons, including equitable tolling. Whether Plaintiff is entitled to equitable tolling is also determined by California law, except to the extent that California laws are inconsistent with federal law. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones*, 393 F.3d at 928 (quoting *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (2003)) (internal quotation marks omitted).

"Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 101 (2008) (quoting *Elkins v. Derby*, 12 Cal. 3d 410, 414 (1974)); *see also Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

III.   **ANALYSIS**

In their motions, Defendants address the applicable statute of limitations, Cal. Civ. P. Code § 335.1, and equitable tolling as a result of Emergency Rule 9 prompted by the COVID-19 pandemic, Cal. Rules of Court, appen. I, emergency rule 9. Their motions fail to address either (1) California's tolling statute extending the limitations period by two years when the cause of

action accrues while plaintiff is incarcerated for a term less than life, Cal. Civ. P. Code § 352.1(a), or (2) equitable tolling, if any, during exhaustion of administrative remedies, *McDonald*, 45 Cal. 4th at 101.

"An affirmative defense cannot serve as a basis for dismissal unless it is obvious on the face of the complaint." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013); *accord Gomez v. Quicken Loans, Inc.*, 629 F. App'x 799, 800–01, 2015 WL 6655476, at *1 (9th Cir. Nov. 2, 2015). Further, before dismissing the time-barred claims, plaintiff must first be given an opportunity to address equitable tolling. *See Givens v. City & County of San Francisco*, 269 F. App'x 685, 685–86 (9th Cir. 2008) (vacating and remanding district court's dismissal of complaint because plaintiff had not been afforded opportunity to address equitable tolling) (citing *Cervantes*, 5 F.3d at 1276–77 (noting dismissal on statute of limitations grounds is disfavored where matters outside the complaint are not considered and where equitable tolling may apply)).

## IV.   CONCLUSIONS

Accordingly, IT IS ORDERED that:

1. No later than **February 23, 2024**, all parties shall file supplemental briefing **no longer than 10 pages** each, addressing if Defendants' motions may be granted in light of Cal. Civ. P. Code § 352.1(a) and/or equitable tolling during the period of exhaustion of administrative remedies.

2. If Plaintiff fails to comply with this order, the Court may deem the failure to oppose a dispositive motion as a waiver of any opposition to that motion, and may recommend that the motion be granted on that basis. Alternatively, the Court may recommend that this action be dismissed because of Plaintiff's failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   __**January 11, 2024**__          ____/s/_ Erica P. Grosjean____
                                                         UNITED STATES MAGISTRATE JUDGE