UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TORRES,<br><br>    Plaintiff,<br><br>v.<br><br>JAYSON QUICK, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-01536-NODJ-EPG (PC)<br><br>**ORDER REQUIRING STATEMENTS FROM PARTIES REGARDING SCHEDULE AND DISCOVERY**<br><br>**THIRTY (30) DAY DEADLINE** |

    Edward Torres is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

    Plaintiff filed his Complaint on November 30, 2022. (ECF No. 1). He alleged that in late March or April of 2019, he was assaulted by correctional officers Quick, Garza, Garcia, Valadez, Prince, and Martinez, and that nurse Ontiveros denied him medical care for his injuries. (*Id.*) After screening, this case proceeds on Plaintiff's Eighth Amendment excessive force and failure to protect claims against the correctional officers and the Eighth Amendment claim against defendant Ontiveros for deliberate indifference to his serious medical needs. (ECF Nos. 13, 14, 18, 22).

    All Defendants have been served. Defendants Prince and Valadez have not appeared in this action. After withdrawing their motions to dismiss based on exhaustion (ECF No. 23, 35),

1

Defendant Ontiveros (ECF No. 48) and Defendants Garcia, Garza, Martinez, and Quick (ECF No. 49) filed their Answers to Plaintiff's Complaint.

Before scheduling further proceedings in this case, the Court will require each party to submit a statement regarding the schedule and discovery matters. The statements regarding the schedule and discovery shall be filed within **thirty days** from the date of service of this order. They should be titled "SCHEDULING AND DISCOVERY STATEMENT," and include the name of the party filing the statement. They shall address all of the following issues:

    i. A brief summary of the parties' claims and/or defenses.

    ii. The name and, if known, the address and telephone number of each witness, besides expert witnesses, the party may call at trial.

    iii. A description by category and location of all documents the party may use at trial.

    iv. Whether any third parties, other than Plaintiff's institution of confinement, are likely to have relevant documents.

    v. Whether the party intends to use expert witnesses.

    vi. If a settlement conference has not occurred, when the party will be prepared to participate in a settlement conference.

Defendants' Scheduling and Discovery Statement shall also address all of the following issues:

    vii. Whether a third-party subpoena directed at Plaintiff's institution of confinement will be necessary to obtain relevant documents.

    viii. Whether witness statements and/or evidence were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).[1]

---

[1] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

ix. Whether there are any video recordings or photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff taken following the incident(s).

x. Whether Defendant(s) intend to argue that Defendant(s) are not properly named because they are not the individual(s) responsible for the action(s) described in the complaint (*i.e.*, someone else did or is responsible for the action(s) alleged in the complaint).

Finally, any party may also include any information that the party believes would assist in discovery and/or scheduling the case.

IT IS SO ORDERED.

Dated: **February 29, 2024**        /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

3