UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TORRES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAYSON QUICK, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-01536-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 57) AND GRANTING PLAINTIFF ADDITIONAL 30 DAYS TO RESPOND TO COURT'S ORDER REQUIRING STATEMENTS REGARDING SCHEDULE AND DISCOVERY (ECF NO. 50). |

Plaintiff Edward Torres is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. For reasons stated below, the Court denies Plaintiff's Motion for Appointment of Counsel (ECF No. 57) but grants Plaintiff additional 30 days to respond to Court's Order requiring parties to submit statements regarding schedule and discovery (ECF No. 50).

**I.    BACKGROUND.**

Plaintiff filed the Complaint commencing this action on November 30, 2022. (ECF No. 1). The Court screened Plaintiff's complaint and found that the following claims should proceed past the screening stage: Plaintiff's Eighth Amendment excessive force claims against defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; his Eighth Amendment failure to protect claims against defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; and

1

his Eighth Amendment claim against defendant Ontiveros for deliberate indifference to his serious medical needs. (*Id.*).

At the start of this case, the Court issued Informational Order, warning Plaintiff he "must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. *Id.*" (ECF No. 4 at 5). The Court also cautioned Plaintiff that failure to follow the Court's orders and all applicable rules "will be grounds for imposition of sanctions which may include dismissal of the case." (*Id.* at 1).

After all the defendants were served and appeared in this action, on February 29, 2024, the Court ordered parties to file scheduling statements within 30 days. (ECF No. 50). However, this order was returned to Court on March 8, 2024, marked as "Undeliverable, Not in Custody."

The deadline set by the Court's order to file the statements (ECF No. 50) had passed, and while Defendants timely filed theirs (ECF Nos. 53, 54), Plaintiff had failed to do so. Accordingly, on April 10, 2024, the Court issued a minute order granting Plaintiff a single *sua sponte* extension, until April 24, 2024, to file his statement. (ECF No. 55). The Court also advised Plaintiff that "that failure to file his statement by this date may result in the dismissal of this case." (*Id.*; *see also* ECF No. 4 at 1 (failure to follow the Court's orders and all applicable rules "will be grounds for imposition of sanctions which may include dismissal of the case.")) This order was likewise returned to Court on April 29, 2024, marked as "Undeliverable, Not in Custody."

After the extended deadline to respond to the Court's order had passed, and Plaintiff still had not filed his scheduling statement, updated his address, or had otherwise communicated with the Court, on May 9, 2024, the Court issued Findings and Recommendations to dismiss this action for failure to prosecute and failure to comply with Court's orders. (ECF No. 56). The Court gave Plaintiff 30 days to file objections to Findings and Recommendations. (*Id.*)

**II.     MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has now responded by filing a motion (ECF No. 57). He asks for an extension of time to respond to Findings and Recommendations recommending dismissal and for Court to appoint him an attorney. (*Id.*) Plaintiff states he is homeless and has no regular address to receive mail, but at least at the time of writing, he was incarcerated in Madera County Jail. (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court is unable to determine at this time whether Plaintiff's likelihood of success on the merits is such that the interests of justice require the appointment of counsel. The only filings before the Court are parties' initial pleadings; discovery is yet to be open and dispositive motions that would define and narrow issues have not yet been filed. After the review of Plaintiff's complaint, however, it appears that the legal issues involved are not extremely complex and that Plaintiff is able to articulate the facts underlying his claims. Accordingly, the Court will deny Plaintiff's request for counsel without prejudice.

**III.     MOTION FOR EXTENSION OF TIME**

The Court will grant Plaintiff an additional 30 days, until **June 17, 2024**, to respond to the Court's Order issued on February 29, 2024, Requiring Statements from Parties Regarding Schedule and Discovery (ECF No. 50).

3

The Court will not vacate its Findings and Recommendations recommending dismissal at this time. (ECF No. 56). Plaintiff still has not filed the statement regarding schedule and discovery or indicated that he intends to proceed without counsel going forward. However, the Court will not rule on Findings and Recommendations recommending dismissal (ECF No. 56) until after June 17, 2024. If Plaintiff files a statement regarding schedule and discovery by that date, the Court will vacate its Findings and Recommendations and the case will proceed. If Plaintiff fails to do so, the District Judge will rule on Findings and Recommendations.

Accordingly**, IT IS ORDERED**:

1. Plaintiff's Motion for Appointment of Counsel (ECF No. 57) is **DENIED**.
2. Along with this Order, the Clerk of Court is directed to send Plaintiff Order Requiring Statements from Parties Regarding Schedule and Discovery (ECF No. 50).
3. Plaintiff is granted additional 30 days to respond to the Court's Order Requiring Statements (ECF No. 50).
4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **May 16, 2024**            /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

4