UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TORRES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAYSON QUICK, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01536-KES-EPG (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER<br><br>(ECF No. 56). |

　　　　Edward Torres ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.[1]

　　　　Plaintiff filed the complaint commencing this action on November 30, 2022. (ECF No. 1). The Court screened Plaintiff's complaint and found that the following claims should proceed: Plaintiff's Eighth Amendment excessive force claims against Defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; Eighth Amendment failure to protect claims against Defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; and Eighth Amendment claim against Defendant Ontiveros for deliberate indifference to his serious medical needs. (ECF Nos. 1 13, 16).

　　　　After Defendants appeared and answered, the Court ordered the parties to file scheduling

---
[1] Plaintiff is currently incarcerated at the Madera County Jail.

1

statements. (ECF No. 50). On May 9, 2024, the Court entered findings and recommendations, recommending that this action be dismissed, without prejudice, for failure to prosecute and comply with a court order after Plaintiff failed to timely file his scheduling statement.[2] (ECF No. 56). The Court gave Plaintiff 30 days to file objections to Findings and Recommendations. (Id.)

On May 15, 2024, Plaintiff filed a motion for an extension of time to respond to the Court's Findings and Recommendations. (ECF No. 57). The Court granted Plaintiff an additional thirty-days to file his scheduling and discovery statement. (ECF No. 58). The Court also stated that it would vacate the Findings and Recommendations if Plaintiff timely filed his scheduling and discovery statement by the new deadline set by the Court, i.e., June 17, 2021. (*Id.* at 4).

On May 31, 2024, Plaintiff filed his scheduling and discovery statement.[3] (ECF No. 59). Accordingly, the Court will vacate the findings and recommendations issued on May 9, 2024. (ECF No. 56).

Based on the foregoing, IT IS ORDERED that:

1. The Court's findings and recommendations issued on May 9, 2024 (ECF No. 56) are VACATED.
2. Plaintiff is advised of his continuing duty under the Local Rules to keep the Court informed of his current address. L.R. 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."); L.R. 183(b) ("A party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address.

\\\
\\\
\\\
\\\

---

[2] The Court's February 29, 2024 order directing the parties to file scheduling statements was mailed to Plaintiff but returned to the Court on March 8, 2024, marked as "Undeliverable, Not in Custody." The Court *sua sponte* granted Plaintiff an extension to file his scheduling statement, which was likewise returned to Court on April 29, 2024, marked as "Undeliverable, Not in Custody."

[3] The Court will issue separate scheduling and discovery orders.

2

If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.").

IT IS SO ORDERED.

Dated:   **June 21, 2024**            /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

3