UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TORRES,<br><br>             Plaintiff,<br><br>     v.<br><br>JAYSON QUICK, et al.,<br><br>             Defendant(s). | Case No. 1:22-cv-01536-KES-EPG (PC)<br><br>ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS |

Edward Torres ("Plaintiff") proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.[1] This case proceeds on the following claims: Plaintiff's Fourteenth Amendment excessive force claims against Defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; his Fourteenth Amendment failure to protect claims against Defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; and his Fourteenth Amendment claim against Defendant Ontiveros for deliberate indifference to his serious medical needs.[2]

---

[1] Plaintiff is currently incarcerated at the Madera County Jail. (*See* ECF No. 57).

[2] The Court previously screened Plaintiff's complaint under Eighth Amendment standards. However, Defendant Ontiveros' scheduling statement indicates that Plaintiff was a pretrial detainee at the time of the events alleged in his complaint. Thus, it appears that Plaintiff's claims are properly brought under the Fourteenth Amendment, rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535-37; *Castro v. County of Los Angeles*, 833 F.3d 1060, 1069-70; *Gordon v. County of Orange*, 888 F.3d 1118, 1124. The Court has issued a separate revised screening order evaluating Plaintiff's complaint under the correct legal standards. The Court notes that this revised screening order

1

On February 29, 2024, the Court issued an order requiring the parties to file scheduling and discovery statements.[3] (ECF No. 50). The parties have now filed their statements. (ECF Nos. 53, 54, 59).

The Court has reviewed this case and the parties' statements. In an effort to secure the just, speedy, and inexpensive disposition of this action,[4] the Court will direct that certain documents that are central to the dispute be promptly produced.[5]

Accordingly, IT IS ORDERED that:

1. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:[6]

    a. Documents regarding exhaustion of Plaintiff's claims, including Madera County Jail Incident Reports, Inmate Grievance Forms, and responses from the Madera County Department of Corrections.

    b. Witness statements and evidence that were generated from any investigation(s) related to the event(s) at issue in the complaint, such as

---

should not materially affect the parties' discovery efforts as the revised analysis is substantially similar to the Court's prior screening order.

[3] The Court's order noted that Defendants Prince and Valadez had not yet appeared. (ECF No. 50 at 1). However, on March 20, 2024, Defendants Quick, Martinez, Garza, Garcia, Prince and Valadez filed their First Amended Answer to Plaintiff's complaint. (ECF No. 52).

[4] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[5] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

[6] Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third-party subpoena is required.

                an investigation stemming from the processing of Plaintiff's grievance(s).[7]

      c. Incident reports regarding the use of force incident(s) alleged in the complaint.

      d. All of Plaintiff's medical sick call requests from when Plaintiff was confined in the Madera County Jail between March and April 2024.[8]

      e. All of Plaintiff's medical records related to the incident(s) and/or condition(s) at issue in the case.

      f. Video recordings and photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff taken following the incident(s).[9]

**2. If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies of the documents and/or evidence within thirty days.[10]**

---

[7] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court.  When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

      The Court notes that Defendant(s) only need to produce documents to the extent those documents contain witness statements related to the incident(s) alleged in the complaint and/or evidence related to the incident(s) alleged in the complaint that will not be provided to Plaintiff separately.

[8] Defendant Ontiveros' statement notes that Plaintiff was initially detained at the Madera County Jail on March 8, 2019, following his arrest, and then transferred from the Madera County Jail to a different facility on April 23, 2019.  (ECF No. 54 at 2).

[9] If Plaintiff is not allowed possess, or is unable to play, video recording(s), defense counsel shall work with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording(s).

[10] Defendants Quick, Martinez, Garza, Garcia, Prince, and Valadez ("Madera County Defendants") are represented by Madera County Counsel.  Defendant Ontiveros is represented by private counsel.  In their scheduling statement, Madera County Defendants state they "believe that a third-party subpoena directed at Plaintiff's institution of confinement may be necessary during the course of discovery to obtain relevant documents." (ECF No. 52 at 3).  The Madera County Defendants also state that certain Madera County Jail incident reports "are in the possession of the Madera County Department of Corrections." (*Id.* at 2).

      However, Defendant Ontiveros' scheduling statement states that Plaintiff's medical record from Madera County Jail are in the possession of Defendant Ontiveros, but that Plaintiff's records from

3. Parties do not need to produce documents or evidence that they have already produced.

4. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

5. Parties may object to producing any of the above-listed documents and/or evidence.  Objections shall be filed with the Court and served on all other parties **within sixty days** from the date of service of this order (or within thirty days of receiving additional documents and/or evidence).  The objection should include the basis for not providing the documents and/or evidence.  If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order.  If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response.  If any party files a response to an objection, the Court will issue a ruling on the objection.

IT IS SO ORDERED.

Dated:   **July 11, 2024**               /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

---

Madera County Jail are in the possession of Co-Defendants.  (ECF No. 54 at 6).  Further, Defendant Ontiveros "agrees to produce Plaintiff's records from the Madera County Jail upon request."  (*Id.* at 7).  Defendant Ontiveros also "identifies California Department of Corrections and Rehabilitation and Madera Community Hospital as third-party facilities that are likely to have relevant documents." (*Id.* at 7).

The Court reiterates that if Madera County Defendants have obtained documents and/or evidence described in this order from the Madera County Department of Corrections, or some other third-party, Madera County Defendants must provide such documents and/or evidence to all other parties within sixty days of this order.