UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TORRES,<br><br>    Plaintiff,<br><br>  v.<br><br>JAYSON QUICK, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-01536-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT'S ORDERS<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

Plaintiff Edward Torres is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. For reasons stated below, the Court again recommends that this case be dismissed without prejudice for failure to prosecute.

**I.    BACKGROUND**

Plaintiff filed the Complaint commencing this action on November 30, 2022. (ECF No. 1). The Court screened Plaintiff's complaint and found that the following claims should proceed past the screening stage: Plaintiff's Eighth Amendment excessive force claims against defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; his Eighth Amendment failure to protect claims against defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; and his Eighth Amendment claim against defendant Ontiveros for deliberate indifference to his serious medical needs. (*Id.*).

At the start of this case, the Court issued Informational Order, warning Plaintiff he "must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. *Id.*" (ECF No. 4 at 5). The Court also cautioned Plaintiff that failure to follow the Court's orders and all applicable rules "will be grounds for imposition of sanctions which may include dismissal of the case." (*Id.* at 1).

After all the defendants were served and appeared in this action, on February 29, 2024, the Court ordered parties to file scheduling statements within 30 days. (ECF No. 50). However, this order was returned to Court on March 8, 2024, marked as "Undeliverable, Not in Custody."

While Defendants timely filed their scheduling statements (ECF Nos. 53, 54), Plaintiff failed to do so within the deadline set by the Court's order (ECF No. 50). On April 10, 2024, the Court issued a minute order granting Plaintiff a single *sua sponte* extension, until April 24, 2024, to file his statement. (ECF No. 55). The Court also advised Plaintiff that "that failure to file his statement by this date may result in the dismissal of this case." (*Id.*; *see also* ECF No. 4 at 1 (failure to follow the Court's orders and all applicable rules "will be grounds for imposition of sanctions which may include dismissal of the case.")) This order was likewise returned to Court on April 29, 2024, marked as "Undeliverable, Not in Custody."

After the extended deadline to respond to the Court's order to file scheduling statement had passed, and Plaintiff still had not filed his scheduling statement, updated his address, or had otherwise communicated with the Court, on May 9, 2024, the Court issued Findings and Recommendations to dismiss this action for failure to prosecute and failure to comply with Court's orders. (ECF No. 56). The Court gave Plaintiff 30 days to file objections to Findings and Recommendations. (*Id.*)

On May 15, 2024, however, Plaintiff filed a motion for an extension of time to respond to the Court's Findings and Recommendations. (ECF No. 57). The Court granted Plaintiff an additional thirty-days, until June 17, 2024, to file his scheduling and discovery statement. (ECF

No. 58). The Court also stated that it would vacate the Findings and Recommendations if Plaintiff timely filed his scheduling and discovery statement by the new deadline. (*Id.* at 4).

Plaintiff finally filed his scheduling and discovery statement on May 31, 2024. (ECF No. 59). The Court therefore vacated (ECF No. 60) its findings and recommendations to dismiss this action issued on May 9, 2024.

The Court also issued a scheduling order (ECF No. 61), and then on July 11, 2024, a revised screening order (ECF No. 62)[1] and a discovery order for parties to exchange certain documents (ECF No. 63). All three of the Court's orders (ECF Nos. 61, 62, 63) were once again returned to the Court marked as undeliverable. (*See* docket). Plaintiff did not respond to the screening order. Moreover, Defendant Ontiveros filed a motion on August 19, 2024, indicating that she has served discovery requests on Plaintiff "on July 8, 2024, via U.S. mail. However, on July 25, 2024, these discovery requests were returned as non-deliverable and unable to be forwarded." (ECF No. 64 at 1).

On August 21, 2024, the Court finally received Notice of Change of Address from Plaintiff, indicating that he again returned to Madera County Jail. (ECF No. 66). The Court re-served Plaintiff with the recently-issued orders (ECF Nos. 61, 62, 63), and extended the deadlines to respond to the Revised Screening Order (ECF No. 62) and to the discovery order (ECF No. 63), until September 23, 2024.

The extended deadline to respond to the Court's Revised Screening Order (ECF No. 62) has passed once again. Yet, Plaintiff still has not filed an amended complaint, notified the Court of his intention to proceed with the cognizable claims, expressed a desire to stand on his original complaint, or otherwise communicated with the Court. (ECF No. 62 at 18–19).

---

[1] The Court issued the revised screening order to reflect that—based on the new information in Defendant Ontiveros's scheduling statement—Plaintiff's claims against Defendants should proceed under the Fourteenth Amendment legal standards for pretrial detainees awaiting adjudication of criminal charges, rather than the Eighth Amendment legal standards for individuals who are confined after being convicted of a crime. (ECF No. 62 at 2).

On September 25, 2024, Defendants filed a Motion for Summary Judgment based on Plaintiff's failure to exhaust available administrative remedies. (ECF No. 70). It remains pending.

## II.     LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. In determining whether to dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with a Court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

## III.    ANALYSIS

In applying the *Pagtalunan* factors to this case, the first factor weighs in favor of dismissal, because "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).

As to the second factor, the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has repeatedly failed to respond to Court's orders, update his address, or otherwise communicate with the Court. Allowing this case to proceed further without any indication that Plaintiff intends to prosecute his case is a waste of judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiffs have no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the third *Pagtalunan* factor, risk of prejudice to Defendants, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291

F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's repeated failure to comply with numerous court orders—even after being warned that the action might be dismissed unless he complies—that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, the fourth *Pagtalunan* factor, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. (*See* ECF Nos. 9, 12). And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Moreover, dismissal *without* prejudice *is* the lesser sanction available to the Court. Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action *with* prejudice for failure to comply with court orders and to prosecute. Fed. R. Civ. P. (41)(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that Rule 41(b) allows *sua sponte* dismissal by the Court because "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") Therefore, the fourth factor also weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

**IV.     CONCLUSION AND RECOMMENDATIONS**

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, the Court **RECOMMENDS** that:

1. This action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow Court's orders;
2. All pending deadlines and motions be terminated; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 8, 2024**    /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE