# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TORRES,<br><br>        Plaintiff,<br><br>  v.<br><br>JAYSON QUICK, *et al.*,<br><br>        DEFENDANTS. | Case No. 1:22-cv-01536-KES-EPG (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER (ECF No. 73)<br><br>AND<br><br>ORDER FOR DEFENDANT ONTIVEROS TO FILE STATUS REPORTS<br><br>AND<br><br>ORDER FOR ADDITIONAL BRIEFING RELATED TO STAY |

Plaintiff Edward Torres is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 11, 2024, the Court issued a revised screening order (ECF No. 62),[1] which required Plaintiff's response within 30 days. This order was returned to the Court as undeliverable, and Plaintiff did not respond to it. The Court later re-served this screening order extended that deadline until September 23, 2024. After the extended deadline to respond to the

---

[1] The Court issued the revised screening order to reflect that—based on the new information in Defendant Ontiveros's scheduling statement—Plaintiff's claims against Defendants should proceed under the Fourteenth Amendment legal standards for pretrial detainees awaiting adjudication of criminal charges, rather than the Eighth Amendment legal standards for individuals who are confined after being convicted of a crime. (ECF No. 62 at 2).

1

Court's Revised Screening Order has passed and Plaintiff still did not respond, on October 8, 2024, the Court issued Findings and Recommendations recommending that this case be dismissed for failure to prosecute and follow Court's orders. (ECF No. 73).

Since then, Plaintiff filed objections to the Findings and Recommendations (ECF No. 77) and has responded to the revised screening order, electing to proceed on his cognizable claims. (ECF No. 76). Plaintiff also timely opposed Motion for Summary Judgment. (ECF No. 74).

Accordingly, the Court will **VACATE** the findings and recommendations recommending that this case be dismissed issued on October 8, 2024. (ECF No. 73). Consistent with its Screening Order and Plaintiff's notice to proceed on his cognizable claims, the case will proceed on Plaintiff's Fourteenth Amendment excessive force claims against Defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; his Fourteenth Amendment failure to protect claims against Defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez; and his Fourteenth Amendment claim against Defendant Ontiveros for deliberate indifference subject to his serious medical needs. All other claims and defendants have already been dismissed from this action following the first screening order. (ECF No. 22).

In addition, a notice of bankruptcy was filed November 19, 2024, on behalf of Defendant Eva Ontiveros. (ECF No. 78.) At this time, and until further notice, Plaintiff's claims against Defendant Ontiveros are **STAYED**. *See* 11 U.S.C. § 362. Defendant Ontiveros shall file a status report within ninety days of the date of this order, and every ninety days thereafter, to advise the Court of the status of the bankruptcy proceedings.

Finally, within 14 days of this order all parties shall file a response as to whether the claims against other Defendants should be stayed as well.

Based on the foregoing, **IT IS ORDERED** that:

1. The Court's findings and recommendations recommending that this case be dismissed for failure to prosecute and follow Court's orders issued on October 8, 2024 (ECF No. 73) are **VACATED**.

2. Plaintiff's claims against Defendant Ontiveros are **STAYED.** *See* 11 U.S.C. § 362.

3. Defendant Ontiveros shall file a status report within ninety days of the date of this order, and every ninety days thereafter, to advise the Court of the status of the bankruptcy proceedings.

4. Within 14 days of this order, all parties shall file a response as to whether the claims against other Defendants should be stayed as well.

5. Plaintiff is advised of his continuing duty under the Local Rules to keep the Court informed of his current address. L.R. 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."); L.R. 183(b) ("A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."). **Failure to comply with this order may result in dismissal of this action.**

IT IS SO ORDERED.

Dated:  **November 26, 2024**                    /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE