UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TORRES,<br><br>            Plaintiff,<br><br>     v.<br><br>JAYSON QUICK, *et al.*,<br><br>            Defendants. | Case No. 1:22-cv-01536-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>(ECF No. 80) |

Edward Torres (Plaintiff) is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's complaint arises from events that took place in March and April of 2019 while he was confined at the Madera County Jail. (ECF No. 1).

Before the Court is Plaintiff's motion to compel responses to his requests for the production of documents. For the reasons given below, Plaintiff's motion to compel discovery is denied.

**I.     BACKGROUND**

Plaintiff filed his initial complaint on January 30, 2022. (ECF No. 1). After screening Plaintiff's complaint, this Court found that the case should proceed on Plaintiff's Fourteenth Amendment claims for excessive force and failure to protect against Defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez (Madera County Defendants) and Plaintiff's Fourteenth Amendment claim against Defendant Ontiveros for deliberate indifference to his serious

1 medical needs. (ECF No. 62). On November 7, 2024, Plaintiff filed a notice indicating he
2 wished to proceed on the claims stated in the Court's screening order. (ECF No. 76).

3       On June 28, 2024, this Court entered a scheduling order in this case. (ECF No. 61).
4 The scheduling order provided that the deadline to file a motion to compel was November 27,
5 2024. (*Id*.) It also stated that: "The motion(s) should include a copy of the request(s) and any
6 response to the request(s) at issue." (ECF No. 61, at p. 5).

7 II.    **PLAINTIFF'S MOTION AND DEFENDANTS' OPPOSITION**

8       On December 2, 2024, Plaintiff filed a motion to compel a response to his requests for
9 the production of documents. (ECF No. 80). Plaintiff states he served Defendants' counsel
10 with his requests for the production of documents on or about August 25, 2024. (ECF No. 80,
11 Torres Decl. ¶ 2). Plaintiff states that Defendants' counsel provided some of the documents
12 without objections. (*Id*.) Plaintiff states that he wrote to Defendants' counsel requesting the
13 remaining discovery, but Defendants' counsel did not respond. (*Id*. ¶¶ 3-4.) Plaintiff states that
14 he "again filed an additional request for production of the missing documents" on or about
15 October 8, 2024. (*Id*. ¶ 5). Plaintiff states that Defendants' counsel did not respond to the
16 second request or request an extension of time. (*Id*. ¶ 6).

17       Plaintiff's motion did not attach any requests for production of documents, or specify
18 what documents were requested.

19       On December 16, 2024, the Madera County Defendants filed an opposition to Plaintiff's
20 motion to compel, and Defendants' counsel submitted a declaration contradicting Plaintiff's
21 recitation of the events preceding this motion. (ECF No. 84). Defendants' counsel states he
22 never received Plaintiff's requests for the production of documents purportedly served on
23 August 25, 2024, and therefore never provided any documents in response. (ECF No. 84,
24 Driskill Decl. ¶ 3). Defendants' counsel also states he never received Plaintiff's
25 correspondence regarding the discovery requests. (*Id*. ¶ 4.) Counsel states he never received
26 Plaintiff's additional requests for the production of documents purportedly served on October
27 8, 2024. (*Id*. ¶ 5.) Counsel further states that the only document regarding document
28 productions he received was a subpoena that did not state whom it was directed towards and

was in violation of this Court's Scheduling order regarding subpoena duces tecum. (*Id.* ¶ 6; ECF No. 61). Lastly, counsel states that Defendants have produced documents on September 23, 2024, in accordance with this Court's order requiring parties to exchange documents. (*Id.* ¶ 7; ECF No. 63).

On January 6, 2024, Plaintiff filed a request for a fourteen-day extension to file a response to Defendants' opposition. (ECF No. 85). Plaintiff reiterated that he served his first request for discovery in August of 2024. (ECF No. 85, Torres Decl. ¶ 1). Plaintiff states he cannot attach a copy because he is indigent and is not able to obtain photocopies. (*Id.*) Plaintiff states he sent a second request for discovery in September of 2024. (*Id.* ¶ 2.) Plaintiff states he submitted a subpoena in October of 2024, and received a response on December 16, 2024. (*Id.* ¶ 3).

This Court granted Plaintiff's request for extension and provided Plaintiff until February 5, 2025, to file his reply. (ECF No. 86). However, Plaintiff did not file a reply in support of his motion to compel.

**III.    LEGAL STANDARDS**

Federal Rule of Civil Procedure 34(a) permits a party to issue requests for documents that are in the responding party's possession, custody, or control and "within the scope of Rule 26(b)." In turn, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection," among other options, if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "Broad discretion is vested in the trial court to permit or deny discovery . . . ." *Sablan v. Dep't of Fin.*

3

*of Com. of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988) (internal citation and quotation marks omitted).

## IV.     ANALYSIS

As an initial matter, Plaintiff's motion to compel fails to comply with this Court's scheduling order.  Plaintiff's motion was to compel was filed on December 2, 2024, which is after the deadline of November 27, 2024 to file such motion.  Moreover, Plaintiff's motion fails to attach the requests for production, or state in the motion what specific documents were requested.  It thus fails to comply with the requirement that "The motion(s) should include a copy of the request(s) and any response to the request(s) at issue."  (ECF No. 61, at p. 5).

Thus, Plaintiff's motion is denied because it fails to comply with the Court's scheduling order, without any explanation for failing to do so.

Additionally, Plaintiff has not shown that he properly served Defendants with discovery requests.  The parties provide two contrasting statements on this issue.  Plaintiff states he initially sent discovery requests in August of 2024, and he received some requested documents.  Plaintiff states he sent a follow-up letter and again served discovery requests in September or October of 2024, but he received no response.  In opposition, Defendants' counsel states that he never received any discovery requests or correspondence from Plaintiff and only provided documents in response to this Court's order requiring parties to exchange documents.

Notably, Plaintiff has not provided a proof of service for the requests. Further, Defendants' counsel has included a declaration under penalty of perjury that he never received any discovery requests or correspondence regarding discovery from Plaintiff.  (ECF No. 84, Driskill Decl. ¶¶ 3-7).  Despite this Court's order granting Plaintiff an extension to file a reply brief, Plaintiff has failed to do so.  Based on this record, the Court cannot conclude that Defendants were properly served with the requests at issue.

Moreover, Plaintiff does not attach or describe the specific discovery requests at issue in his motion to compel.  Besides violating the Court's scheduling order, as mentioned above, the Court cannot find that the requests are within the scope of discovery without knowing the scope of those requests.  *See Taylor v. O'Hanneson*, No. 1:11-CV-00538-LJO, 2014 WL 2696585, at

4

*2 (E.D. Cal. June 13, 2014) ("the moving party [must] inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.").

Plaintiff only includes one request within the memorandum of his motion for "documents relevant to past mistreatment of inmates by Quick, Garza, Garcia, Prince, Valadez, and Martinez." (ECF No. 80 at p. 6). Plaintiff's motion briefly states that these documents are relevant to "establish character." However, the Federal Rules of Evidence preclude the use of evidence of prior acts solely to prove a person's character. Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."); s*ee also, Brook v. Carey*, 352 F.App'x 184, 185–86 (9th Cir. 2009) (affirming denial of a discovery motion seeking "[a]ny and all grievances, complaints, or other documents received by the defendants ... concerning mistreatment of inmates"). Thus, Plaintiff's motion to compel is denied for the additional reason that it fails to establish that the discovery that was requested is relevant to the claims in this case.

## V.    CONCLUSION AND ORDER

For the reasons given above, **IT IS ORDERED** as follows:

1. Plaintiff's motion to compel discovery (ECF No. 80) is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 6, 2025**              /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE