UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TORRES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAYSON QUICK, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01536-KES-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT CORRECTIONAL OFFICER DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>Docs. 70, 95 |

　　　　Plaintiff Edward Torres is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Docs. 1, 5.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Following the screening of plaintiff's complaint and plaintiff's notice to proceed on the claims found cognizable in the court's revised screening order, this action proceeds on plaintiff's Fourteenth Amendment excessive force claims against defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez (collectively, "correctional officer defendants"); his Fourteenth Amendment failure to protect claims against the correctional officer defendants; and his Fourteenth Amendment claim against defendant Ontiveros for deliberate indifference to his serious medical needs.  Docs. 62, 76.

　　　　On September 25, 2024, the correctional officer defendants filed a motion for summary judgement arguing that plaintiff failed to exhaust his administrative remedies before filing this lawsuit.  Doc. 70.  The motion was fully briefed.  Docs. 74, 75.  On May 23, 2025, the assigned

1

magistrate judge issued findings and recommendations recommending that the correctional officer defendants' motion for summary judgment be granted. Doc. 95. Specifically, the findings and recommendations recommended that plaintiff's claims against defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez be dismissed without prejudice for failure to exhaust administrative remedies at the time of filing this lawsuit.[1]  *Id.* at 13. The findings and recommendations contained notice that any objections thereto were to be filed within thirty days after service. *Id*. at 13. Plaintiff's timely objections, dated June 17, 2025, were filed on the docket on June 25, 2025. Doc. 97.

In the two-sentence objections, plaintiff states that he objects to the findings and recommendations and asks whether a dismissal without prejudice would allow him to correct his administrative remedies and refile his suit, or whether it would dismiss the action completely. *Id.* at 1. Plaintiff is advised that a "dismissal without prejudice is not an adjudication on the merits and does not have res judicata [claim preclusion] effect." *Vincze v. Robinson*, 103 F. App'x 152, 153 (9th Cir. 2004) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999)). Thus, as the dismissal of his claims in this case against the correctional officer defendants is without prejudice, the dismissal by itself does not preclude plaintiff from refiling a claim after it is timely exhausted.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, including plaintiff's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

///

///

---

[1] A previously imposed stay as to defendant Ontiveros due to bankruptcy proceedings in the Southern District of Texas has since been lifted. Doc. 79, 94. However, defendant Ontiveros, who is represented by separate counsel, did not join in the correctional officer defendants' motion for summary judgment.

Accordingly:

1. The findings and recommendations issued on May 23, 2025, Doc. 95, are adopted in full;
2. The correctional officer defendants' motion for summary judgment, Doc. 70, is granted;
3. Plaintiff's claims against defendants Quick, Garza, Garcia, Valadez, Prince, and Martinez are dismissed without prejudice for failure to exhaust administrative remedies at the time of filing this lawsuit; and
4. This matter is referred back to the assigned magistrate judge.

IT IS SO ORDERED.

Dated:   September 2, 2025

_____
UNITED STATES DISTRICT JUDGE