UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TORRES,<br><br>   Plaintiff,<br><br>   v.<br><br>QUICK, et al.,<br><br>   Defendants. | Case No. 1:22-cv-01536-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REMAINING CLAIM IN THIS CASE BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS<br><br>(ECF No. 100) |

   Plaintiff Edward Torres is proceeding *pro se* and *in forma pauperis* in this civil rights lawsuit filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 12).  Following summary judgment as to certain defendants, this case now proceeds on solely on Plaintiff's 14th Amendment Claim Against Defendant Ontiveros for Deliberate Indifference to his Serious Medical Needs.

   On September 30, 2025, Defendant Ontiveros filed a motion to compel certain discovery responses, or in the alternative, a motion to dismiss for failure to prosecute and comply with Court orders. (ECF No. 100). The Court ordered Plaintiff to file an opposition to the motion no later than October 21, 2025. (ECF No. 101). Plaintiff failed to file an opposition motion, and the time to do so has passed.

1

Accordingly, this Court recommends that the remaining claim in this case--Plaintiff's 14th Amendment Claim Against Defendant Ontiveros for Deliberate Indifference to his Serious Medical Needs--be dismissed without prejudice for failure to prosecute and failure to comply with a court order.

## I.   BACKGROUND

On November 30, 2022, Plaintiff filed his complaint, alleging that he was assaulted by jail staff, that he was denied medical care afterwards, and that he was punished based on fraudulent disciplinary charges without receiving due process. (ECF No. 1). The Court screened Plaintiff's complaint on March 27, 2023, disposing of some of Plaintiff's claims and terminating some of the Defendants. (ECF No. 13). The Court directed Plaintiff to notify the Court if he wished to proceed on the remaining claims or file a first amended complaint (*Id.*). On April 19, 2023, Plaintiff filed a response, indicating he wanted to proceed on the remaining claims. (ECF No. 14).

On February 29, 2024, the Court issued an order requiring the parties to file statements regarding scheduling and discovery within 30 days. (ECF No. 50). Defendants timely filed their statements (ECF Nos. 53, 54), but Plaintiff did not, so the Court grant a *sua sponte* extension to file his statement no later than April 24, 2024, and advised Plaintiff that failure to do so may result in dismissal of the case. (ECF No. 55). After Plaintiff failed to comply with this order, on May 9, 2024, the Court issued Findings and Recommendations recommending the action be dismissed without prejudice for failure to prosecute and failure to comply with Court's orders. (ECF No. 56). However, the Court vacated these Findings and Recommendations (ECF No. 60) after Plaintiff belatedly filed his scheduling and discovery statement on May 31, 2024. (ECF No. 59).

On July 11, 2024, the Court issued an order requiring the parties to exchange documents. (ECF No. 63). While service was effectuated on Defendants, service was unsuccessful on Plaintiff because it was marked undeliverable following Plaintiff's release from custody without a forwarding address. On August 20, 2024, the Court stayed the case until a further order from the Court or 14 days after Plaintiff filed a change of address. (ECF No. 65). Plaintiff filed a change of address with the Court on August 21, 2024. (ECF No. 66). The Court re-served Plaintiff with recently issued orders that were undeliverable; specifically, a scheduling order (ECF No. 61), a

revised screening order (ECF No. 62), and the previously mentioned discovery order. (ECF No. 63). The Court extended the deadlines for Plaintiff to reply to these orders until September 23, 2024.

On October 8, 2024, the Court issued another Findings and Recommendations recommending the action be dismissed without prejudice for failure to prosecute and failure to comply with Court's Orders (ECF No. 73) because Plaintiff failed to timely reply to the Court's orders (ECF Nos. 61, 62, 63). Plaintiff filed timely objections to the Finding and Recommendations on November 7, 2024 (ECF No. 77), and the Court again vacated its recommendations to dismiss the case for failure to prosecute and comply with a court order. (ECF No. 79).

On September 25, 2024, Defendants Garcia, Garza, Martinez, Prince, Quick, and Valdez filed a motion for summary judgment. (ECF No. 70). Plaintiff did not file any opposition to Defendants' motion. On May 23, 2025, the assigned magistrate judge issued findings and recommending that Defendants Garcia, Garza, Martinez, Prince, Quick, and Valdez's motion for summary judgment be granted. (ECF No. 95). On June 25, 2025, Plaintiff filed timely objections to the findings and recommendations. (ECF No. 97). The assigned district judge adopted the findings and recommendations, terminating Defendants Garcia, Garza, Martinez, Prince, Quick, and Valdez, leaving Defendant Ontiveros as the only remaining defendant. (ECF No. 98).

On September 30, 2025, Defendant Eva Ontiveros filed a motion to compel, or alternatively, a motion to dismiss for failure to prosecute and follow court orders. (ECF No. 100). Defendant Ontiveros alleges that Plaintiff has failed to respond to Interrogatories, Set One, and Requests for Production of Documents, Set One. (ECF No. 100-1, p.1). Defendant Ontiveros also claims that Plaintiff has failed to comply with the Court's order, dated July 11, 2024, requiring the parties to exchange documents central to the action's dispute within sixty days. (ECF No. 61). Defendant Ontiveros states that she is unable to move forward in the case as a result. (*Id.*). Defendant also requests, in the alternative, that dismissal of the action is warranted due to Plaintiff's "repeated failures to comply with court orders." (*Id.,* p.2).

On October 2, 2025, the Court issued an order directing Plaintiff to file an opposition to Defendant Ontiveros' motion no later than October 21, 2025, with a warning that failure to file an

3

opposition to the motion to compel may result in dismissal of the case for failure to prosecute. (*See* ECF No.101).

On October 23, 2025, Defendant Ontiveros filed a notice of Plaintiff's non-opposition. (ECF No. 103). Defendant Ontiveros requested the Court to dismiss the action due to Plaintiff's failure to prosecute and failure to comply with court orders. (*Id.*, p.2).

Plaintiff has not had any filings since his June 25, 2025, objections to the Findings and Recommendations regarding Defendants' motion for summary judgment (ECF No. 97).

## II.    ANALYSIS

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Here, this case has been pending since November 30, 2022, and cannot proceed further because Plaintiff has failed to respond to discovery and failed to respond to the Court's orders. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with a court order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

4

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with a court order despite being warned of possible dismissal, there is little available to the Court besides dismissal which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Notably, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. (ECF No. 61). Further, because the Court is recommending dismissal of the pending claim without prejudice, it has stopped short of recommending the harsher sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court concludes that dismissal without prejudice is appropriate.

## III. ORDER, CONCLUSION, AND RECOMMENDATIONS

For the reasons explained above, IT IS RECOMMENDED that:

1. The remaining claim in the case—Plaintiff's 14th Amendment Claim Against Defendant Ontiveros for Deliberate Indifference to his Serious Medical Needs--be dismissed, without prejudice, based on Plaintiff's failure to prosecute this case and failure to comply with a court order.

2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, Plaintiff may file written objections with the Court. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\

5

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 8, 2025**         /s/ Eric P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE